UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Michael Marion Arnold, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.:  7:13-cv-03500-GRA |
| | ) | (Cr. No.:  7:09-cr-00561-GRA-1) |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on Petitioner Michael Marion Arnold's ("Petitioner's") motion pursuant to 28 U.S.C. § 2255, filed on December 11, 2013.[1] For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

### **Standard of Review**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). A stamp from the Federal Prison in Butner, NC indicates that the petition was delivered there on December 11, 2013. ECF No. 67-2.

efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

On August 26, 2009, Petitioner pled guilty before this Court to both counts of a two-count indictment. ECF No. 35. Count One charged Petitioner with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). ECF No. 2. Count Two charged Petitioner with knowingly using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* On February 11, 2010, this Court sentenced Petitioner to 100 months of imprisonment on Count One and 84 months of imprisonment on Count Two to run consecutive for a total term of 184 months imprisonment. ECF No. 47.

Petitioner filed the present motion under 28 U.S.C. § 2255 on December 11, 2013. ECF No. 67. On December 19, 2013, this Court granted Petitioner fifteen (15) days to show that his § 2255 Motion was timely filed. ECF No. 68. Petitioner did not respond.

## Discussion

Petitioner filed the present petition on December 11, 2013, challenging his conviction and sentence on grounds of actual innocence of the underlying offense of using and carrying a firearm in furtherance of a crime of violence, actual and legal innocence of statutory enhancements in light of new Supreme Court precedent,[2]

---

[2] Petitioner does not state which United States Supreme Court ruling he is referring to, but this Court infers that Petitioner is referring to the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), based on Petitioner's description.

improper sentencing guideline application, and ineffective assistance of counsel. ECF No. 67. However, Petitioner's § 2255 petition appears to be untimely.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As a preliminary matter, Petitioner appears to have filed his § 2255 petition outside of the time period stated in § 2255(f)(1). The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. When a

defendant chooses not to appeal his federal criminal judgment, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that a petitioner's conviction became final on the date she declined to pursue further direct appellate review). Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner had fourteen (14) days to appeal his conviction and sentence after judgment was entered on February 22, 2010. Fed. R. App. P. 4(b)(1)(A); ECF No. 47. Petitioner's conviction, therefore, became final on March 8, 2010. Thus, the one-year period of limitations to file a motion pursuant to 28 U.S.C. § 2255(f)(1) expired on March 8, 2011. Petitioner filed his current motion on December 11, 2013. ECF No. 67. Therefore, under § 2255(f)(1), the motion clearly appears untimely on its face.

Petitioner argues that his motion is timely as he "was just released from State custody and entered the BOP custody on Dec. 18, 2012." *Id.* at 11. Petitioner does not explicitly state which prong of 28 U.S.C. § 2255(f) he is relying on; regardless, his argument that release from state custody makes his current petition timely is unavailing. As discussed above, Petitioner's motion is not timely under 28 U.S.C. § 2255(f)(1), because his petition was filed well beyond one year after his conviction was finalized. The specific date that his "judgment of conviction became final" is not affected by his release from state custody. 28 U.S.C. § 2255(f)(1). Petitioner's motion is also not timely under § 2255(f)(2), as Petitioner has not alleged, much less proven, that his confinement in state custody falls into the category of "governmental

action in violation of the Constitution or laws of the United States" preventing him from bringing a § 2255 motion. 28 U.S.C. § 2255(f)(2). Petitioner's motion is also not timely under § 2255(f)(3), as Petitioner does not specify what, if any, right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" he is relying on for this motion.[3]  28 U.S.C. § 2255(f)(3). Finally, Petitioner's motion does not appear to be timely under § 2255(f)(4), as Petitioner has not established that his release from state custody on December 18, 2012 marks the date when facts supporting his claims first "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the § 2255 Motion. The Court declines to issue a certificate of appealability in this matter.[4]

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Motion is DENIED.

**IT IS SO ORDERED.**

---

[3] Petitioner does not state that he is relying on *Alleyne* to show that his motion is timely despite his apparent reliance on this case in ground two, but to the extent that Petitioner is relying on *Alleyne*, that reliance is misplaced as *Alleyne* is not retroactively applicable to cases on collateral review. *See, e.g.*, *Willoughby v. United States*, Nos. 3:13-cv-493-FDW & 3:99-cr-24-FDW-6, 2013 WL 5220774, at *2 (W.D.N.C. Sept. 17, 2013) (stating that "courts that have considered the retroactive nature of *Alleyne* have concluded that it is not"); *Mingo v. United States*, No. 1:13-CV-787, 2013 WL 4499249, at *3 (W.D. Mich. Aug. 19, 2013) (concluding that "§ 2255(f)(3) does not apply . . . because *Alleyne* is not retroactive"); *United States v. Reyes*, Civil Action No. 11-6234, 2013 WL 4042508, at *19 (E.D. Pa. Aug. 8, 2013) (concluding that "*Alleyne* does not apply retroactively to cases on collateral review").

[4] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

January  13 , 2014
Anderson, South Carolina